Rawl *et al.* agt. Guilleaume.

## SUPREME COURT.

EDWARD RAWL *et al.* agt. CHARLES L. GUILLEAUME.

*Discharge from imprisonment on execution against the person.*

A voluntary discharge from arrest by the plaintiff of a defendant, held in custody under an execution, satisfies the judgment.

Such a release constitutes, in law, a satisfaction.

Where, however, a defendant was not arrested before judgment, and on being taken into custody, after judgment, disputes the right thus to imprison him and notices a motion to be discharged to set aside the arrest, and the plaintiff, without waiting for the action of the court, consents to the defendant's discharge, such consent is not voluntary and will not operate as a satisfaction.

In such a case it is, as to him, a determination in his favor that the execution had been irregularly issued. In such a case he cannot afterwards claim that the execution was legally issued, and because of his discharge claim the right to have the judgment against him satisfied.

The case is substantially the same as though the discharge had been secured without the plaintiff's assent, for it was induced by the hostile action of the defendants.

*First Department, General Term, May,* 1878.

THE defendant was arrested upon an execution issued against his body. Thereupon he noticed a motion to set aside the execution for the reason that the plaintiff had not obtained an order of arrest in the action prior to the judgment, and that this was not one of the cases in which a *ca sa* could issue without such preliminary order.

The plaintiffs, after service upon their attorney of the motion papers, consented to the discharge from custody of the

Rawl *et al.* agt. Guilleaume.

defendant, he stipulating not to sue plaintiffs on account of the arrest.

Thereupon the defendant moved to have the judgment marked satisfied of record, claiming that his discharge from custody by plaintiffs, was voluntary.

The court denied the motion.

The defendant appealed to the general term.

*Geo. Van Slyck,* for defendant and appellant.

*A. Blumenstiel,* for plaintiffs and respondents. *A. R. Dyett,* of counsel.

DANIELS, *J.* — The motion was made to satisfy the judgment, because an execution had been issued against the person of the defendant, under which he was arrested and held in custody, from the second to the fourth of February, when he was discharged by direction of plaintiffs' attorneys. There can be no doubt but that this would have satisfied the judgment and entitled the defendant to the order, if it had been all that there was of the case, for an arrest on execution and a release of the defendant from custody, under the authority of the plaintiff, constitutes, in law, a satisfaction. But this was not a case of that description, for the defendant did not acquiesce in his liability to arrest upon the execution, as he had not been arrested by order before the recovery of the judgment. For that reason a motion was noticed in his behalf to set aside the arrest and release him from custody, and thereupon, without awaiting the action of the court on the motion, the plaintiffs' attorney practically assented to its propriety, and for that reason consented to the defendant's discharge, on the terms the court would probably have exacted on a favorable decision of the motion, which were, that no action should be commenced for false imprisonment. The effect of the arrangement was to afford the defendant the same result that he insisted he was entitled to secure by the hearing and decision

Rawl *et al.* agt. Guilleaume.

of the motion, and it should obviously have no other or greater effect. The defendant was allowed to succeed upon his motion, without formally making it. As to him it was a determination in favor of the accuracy of the position taken by him that the execution had been irregularly issued because he was not liable to arrest upon it. Whether that is strictly the case or not it is not necessary to decide. The defendant asserted it to be so and the plaintiffs assented to the correctness of his position; and now, after he has gained his point and secured all the advantage it can possibly afford him, he should not be permitted to avail himself of the entirely inconsistent claim that the execution was legally issued against him, and for that reason the judgment was satisfied by his custody under it. That would be entirely unfair and unjust, and no authority has been found requiring the position to be sustained. The discharge may have been erroneously produced, but after the defendant has secured the full benefit of the error he ought not to be allowed to affirm its existence to the prejudice of the other party. The execution must now be considered as irregularly issued, and for that reason the plaintiffs did not have the advantage from it, in the way of securing satisfaction of their judgment, which they would have had if they had been entitled to it as a proper process for the satisfaction of their judgment. And having been deprived of its benefit by the proceedings of the defendant himself, to which they were induced to accord their assent, he should not now defeat their judgment by affirming that they have voluntarily abandoned the process through whose instrumentality actual satisfaction of their demand might otherwise have been secured. Upon sound legal principles the motion was properly denied. The case is substantially the same as though the discharge had been secured without the plaintiffs' assent, for it was induced by the hostile action of the defendants; and if they had permitted the motion to proceed to a hearing and the execution had been set aside, it would not have prejudiced their right to resort to the usual process against property for

Rawl *et al,* agt. Guilleaume.

the recovery of their debt (*Gonochio* agt. *Figaeri,* 4 *E. D. Smith,* 227; *Wesson* agt. *Chamberlain,* 3 *Com.,* 331). And the same result should be attended with no other effect when brought about by acquiescence in the propriety of the claim that was made that the execution was not authorized by the judgment that was recovered.

The order should be affirmed, with the usual costs and disbursements.